**EICHHORN & EICHHORN, LLP**
ATTORNEYS AT LAW

www.eichhorn-law.com

Ryan A. Cook | 2929 Carlson Drive, Suite 100 | T 219-931-0560
rcook@eichhorn-law.com | Hammond, IN 46323 | F 219-931-5370

February 3, 2023

<u>**VIA CM/ECF**</u>

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

    RE:     <u>**Z.H. v. Officer Jamie Garcia and Chief John Doughty**</u>
                **Case No. 22-1550**

Dear Clerk of the U.S. Court of Appeals for the Seventh Circuit:

Pursuant to Fed. R. App. P. 28(j) and Circuit Rule 28(e), Appellees submit the following supplemental authorities in support of their joint brief [Dkt. 24]:

- *DaSilva v. Indiana*, No. 1:19-CV-02453-JMS-DLP, 2020 WL 994847 (S.D. Ind. Mar. 2, 2020). A former State Attorney General, while attending a *Sine Die* party thrown by the legislature, allegedly grabbed a female's waist and pulled her close to him; grabbed another female's hand and moved both of their hands over her buttocks; rubbed his whole hand up and down the back of another female without her consent; and slid his hand down and beneath a fourth plaintiff's dress, ultimately grabbing her buttocks. He also made sexually suggestive comments. *Id*. at *3-4. Judge Magnus-Stinson dismissed the plaintiffs' substantive due process claims for violation of bodily integrity, finding that while the AG's alleged conduct was "potentially criminal" it "[did] not meet the 'shocks the conscience' standard that is required to support a substantive due process claim. Similar claims have been repeatedly rejected throughout the district courts of this Circuit." *Id*. at *16 (collecting cases). This authority supports the arguments in Appellees' brief at pages 8-15 that plaintiff has not alleged a substantive due process violation, and it supports Officer Garcia's qualified immunity defense at pages 24-26.

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
February 3, 2023

- *Bostic v. Vasquez*, No. 2:15-CV-429-JPK, 2023 WL 356841, at *15-17 (N.D. Ind. Jan. 23, 2023). Magistrate Judge Kolar discussed his review of Seventh Circuit case law, from both the Court of Appeals and the District Courts, which he summarized as showing that a supervisor could be liable for a subordinate's sexual assault only if he "encouraged" it, "indirectly participated in the assault," "ignored a series of complaints," or dissuaded a victim from complaining. *Id.* at *16. One prior complaint has not been enough. *Id.* at *15. Judge Kolar also collected cases from other circuits that found no supervisory liability despite severe warnings of a subordinate's prior misconduct. *Id.* This authority supports the arguments in Appellees' brief at pages 27-34 as to the lack of supervisory liability against Chief Doughty.

Very truly yours,

**EICHHORN & EICHHORN, LLP**


By: /s/ Ryan A. Cook
      Ryan A. Cook

RAC/bd

cc:    All counsel of record via CM/ECF

## **CERTIFICATE OF COMPLIANCE**

The undersigned attorney certifies that the foregoing letter complies with the volume limitation in Fed. R. App. P. 28(j) because the body of the letter contains 338 words.

Dated: February 3, 2023

                                        By: /s/ Ryan A. Cook
                                                Ryan A. Cook

## **CERTIFICATE OF SERVICE**

I, Ryan A. Cook, certify that on the 3rd day of February, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

　　　　　　　　　　　　　　/s/ Ryan A. Cook
　　　　　　　　　　　　　　Ryan A. Cook