# LEVINSON & LEVINSON

### ATTORNEYS AT LAW
384 West 80th Place
MERRILLVILLE, IN 46410-5439

**Shana D. Levinson**
**Of Counsel, Donald P. Levinson**

P: 219.769.1164 | F: 219.769.0337
levinsonandlevinson@gmail.com

February 17, 2023

VIA CM/ECF
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

RE:   Zailey Hess v. Officer Jamie Garcia and Chief John Doughty
Case No. 22-1550

Dear Clerk:

Pursuant to Fed. R. App. P. 28(j) and Circuit Rule 28(e), Appellee, Jamie Garcia, submits the following supplemental authorities to address questions raised during oral argument.

1. Regarding **governmental interest**:

*Estate of Sims ex rel v. County of Bureau*, 506 F.3d 509 (7th Cir. 2007)(although sheriff was on duty when he gained access to reporter's home to discuss her investigation into him, potentially inducing her fatal heart attack, he was not acting under color of law because he was "off on a frolic" for personal gain).

2. Regarding **Fourth Amendment** "seizure":

*Torres v. Madrid*, 141 S.Ct. 989, 996-99 (2021)(actions taken with an *intent to restrain* to *cause apprehension* constitutes seizure; force intentionally applied for a different purpose does not satisfy this rule).

*U.S. v. Jones*, 22 F4th 667, 673 (2022)(no seizure occurs where reasonable person would feel free to decline officer request even with show of authority).

*Martinez v. Sasse*, 37 F.4th 506, 509 (8th Cir. 2022)(use of physical force that restricted plaintiff's movement by repelling him from entering a building did not violate a clearly established Fourth Amendment right; therefore, officer entitled to qualified immunity).

*Tom v. Voida*, 963 F.2d 952, 956-57 (7th Cir. 1992)("a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave).

*California v. Hodari D.,* 499 U.S. 621 (1991)(even if police officer's pursuit of defendant was a "show of authority" compelling defendant to halt, defendant not "seized" until officer physically tackled him).

*Florida v. Bostick*, 501 U.S. 429 (1991)(a factor in determining a seizure is whether officers convey a message that compliance with their requests is required).

Respectfully submitted,

*/s/ Shana D. Levinson*
Shana D. Levinson

cc:     All counsel of record via CM/ECF

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that the foregoing letter complies with the volume limitation in Fed. R. App. P. 28(j) because the body of the letter contains 288 words.

Dated: February 17, 2023

                                              By: /s/ *Shana D. Levinson*
                                                  Shana D. Levinson

**CERTIFICATE OF SERVICE**

I, Shana D. Levinson, certify that on the 17th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Shana D. Levinson*
Shana D. Levinson